### CONSOLIDATED INTERNATIONAL CORP. and S.A. Dicsa Sociedad Fin Cierra, Plaintiffs,

v.

### S.S. FALCON, her engines, boilers, etc., CIA Anonima Venezolana De Navegacion, Venezuelan Line and Royal Globe Insurance Company, Defendants.

### LEP TRANSPORT, INC., Defendant and Third-Party Plaintiff,

v.

### Salvatore TRAINA, d/b/a L & S Trucking Company, Third-Party Defendant.

No. 79 Civ. 6711 (RWS).

United States District Court, S.D. New York.

Jan. 26, 1983.

## OPINION

SWEET, District Judge.

Plaintiff Consolidated International Corp. ("CIC") has moved under Fed.R.Civ.P. § 52(b) to amend the judgment entered in this maritime and admiralty action on October 15, 1982, containing certain findings and conclusions based on this court's opinion of August 31, 1982, familiarity with which is assumed. The motion will be denied.

The motion is timely, having been filed in chambers after 5:00 p.m. on October 24, 1982, the clerk's office having closed.

No authorities or arguments have been cited to alter the prior finding that the expenses incurred for the reshipment of the FL–50 were the result of the negligence of L & S rather than the affirmative, voluntary act of CIC.

The "sue and labor" clause was held not to survive the termination of the policy, and despite the authorities cited by CIC's able counsel as to the separate nature of the undertaking by the insurance carrier, none of the authorities deals with the loss which was incurred after the coverage period.

Even if the policy were to be construed against the carrier as to the time limitation, the "sue and labor" expenses would apply to expenses to prevent or to reduce the effect of the covered loss, as for example the repair of the original FL–50 to make it suitable for delivery in Venezuela, but not for the voluntary return of the machine to the United States to be resold in an unrelated transaction.

In short, there was no covered loss under the policy. Therefore the motion is denied.

IT IS SO ORDERED.